UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

**PATRICIA KENNEDY,**

     Plaintiff,        Case No: 2:19-cv-90- LGW-BWC

v.

**NILA INVESTMENTS, LLC.,**

     Defendant.
_____/

**PLAINTIFF'S SECOND MOTION FOR ENTRY OF DEFAULT JUDGMENT,
REQUEST TO DETERMINE ENTITLEMENT PURSUANT TO LOCAL RULE 54.1(A)
AND MEMORANDUM OF LAW**

    Plaintiff, by and through her undersigned counsel, and pursuant to the provisions

of Rule 55(b)(2), *Fed.R.Civ.P.*, moves this Court for entry of judgment after default against

Defendant, Nila Investments, LLC.  She further requests that the Court determine her entitlement

to attorney's fees pursuant to Local Rule 54.1(A). This motion should be granted for the

following reasons.

 **I. INTRODUCTION.**

    1. This is an action brought pursuant to the Americans with Disabilities Act, 42

U.S.C. § 12181 *et seq.* ("ADA") in which the Plaintiff is requesting that the Defendant be

ordered to bring the third party booking sites it utilizes into compliance with the requirements of

28 C.F.R. Section 36.302(e)(1). That section, which is cited in full, in the complaint [D.E. 1, ¶8

], and below, imposes standards for reservation systems maintained or utilized by places of

lodgingsuch as the Defendant's hotel. Essentially, a reservation system "with respect to

1

reservations made by any means, including by telephone, in-person, or through a third

party"must allow the disabled to access the system as the able bodied are able to do. In addition,

and among other things, the system must provide sufficient information to allow a disabled

individual to determine whether or not a particular establishment meets their individual needs, 28

CFR 36.302(a)1)(ii).

Pursuant to the provisions of Rule 55, *Fed.R.Civ.*P., when a party against whom

affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of

Civil Procedure, such as the Defendant here, a default shall be entered against that party.  In this

instance, Defendant was properly served with the Complaint and failed to respond in any

manner.  Therefore, a final default judgment shall be entered by the Court against Defendant

based upon evidence provided by a supporting affidavit and/or a hearing if necessary. The

default establishes that the well pleaded facts of the complaint are true. Patricia Kennedy's

affidavit which accompanies this motion as Exhibit "A," supports and supplements what has

been pled. Citations to the complaint are identified by paragraph number. References to Ms.

Kennedy's statement are identified as "Kennedy" followed by a paragraph number. This motion

sets out the facts followed by a explanation of the legal reasons those facts entitle the Plaintiff to

relief.

## II. THE FACTS.

1. The Plaintiff, Patricia Kennedy, is disabled within the meaning of the ADA.

The nature of her disabilities are described and her accessibility needs are described fully in the

complaint, ¶ 1, Kennedy, ¶ 1.

2. The Defendant owns, operates, leases, or leases to, a motel, known as Royal

Inn. Motels are places of public accommodation, ¶ 3.

      3. The Defendant utilizes third party booking sites, such as "Booking.com." Those third party booking sites identified in the complaint contain on line reservation systems and are located at the following web addresses:

https://www.booking.com/hotel/us/royal-inn-ludowici.html

https://www.hotels.com/ho622281696/royal-inn-ludowici-united-states-of-america/

https://www.agoda.com/royal-inn/hotel/ludowici-ga-us.html?cid=-218

https://www.expedia.com/Ludowici-Hotels-Royal-Inn.h19415053.Hotel-Information, ¶ 9, Kennedy, ¶ 6.

      4. Prior to the commencement of this lawsuit, Plaintiff repeatedly visited the third party booking sites the Defendant utilizes for the purpose of assessing the accessible features of the property and to ascertain whether those sites met the requirements of  28 C.F.R.§ 36.302(e)(1) and her accessibility needs,  ¶ 10, Kennedy, ¶ 7.

      5. Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e).  As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public, ¶10, Kennedy, ¶ 7.

      6. Specifically, none of the third party booking sites identified any accessible guest rooms, or other accessible features such as accessible lobby restrooms, or other accessible features of its guest amenities. None of those websites provided any information concerning the features of any accessible guest rooms such as whether the hotel offers compliant/ accessible roll-in showers, tubs, built in seating, commodes, grab bars, sinks, wrapped pipes, sink and door

hardware, properly located amenities, sufficient maneuvering spaces, compliant doors, furniture, controls and operating mechanisms. The websites do not contain any information as to whether all goods, facilities and services at the property are connected by a compliant accessible route, nor do the websites contain any information as to the accessibility of routes connecting all the features of the hotel, the transaction counter, and common area restrooms. The websites do not give any information as to whether accessible rooms are on the ground floor or if the elevator provided is within an accessible route,¶ 10, Kennedy, ¶ 8.

7. Plaintiff returned to each of those sites repeatedly since the date on which this case was filed and encountered the same violations, Kennedy, ¶ 11.

8. In the near future, Plaintiff intends to – again – revisit the third party booking sites in order to test them for compliance with 28 C.F.R. 36.302(e), and/ or to utilize the websites to reserve a guest room or otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Defendant's property, ¶ 11, Kennedy, ¶ 12.

9. The violations present at the third party booking sites the Defendant utilizes infringe Plaintiff's right to travel free of discrimination and deprive her of the information required to make meaningful choices for travel. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at the third party booking sites. By continuing to utilize the third party booking sites with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions

4

at the third party booking sites, and knowing that it would be a futile gesture to return to the sites unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By utilizing the third party booking sites with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public, ¶ 13.

10. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify the portions of the third party booking sites concerning its property to comply with the requirements of the ADA and to continually monitor and ensure that the third party booking sites remain in compliance, ¶ 14.

11. Based on her repeated visits to the websites, Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the third party booking sites. Thus, she has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant,¶ 15, Kennedy, ¶ 7 &11 .

12. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject booking sites, ¶ 16, Kennedy, ¶ 9.

13. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA,¶ 17, Kennedy, ¶ 9.

**III. THE LEGAL REASONS THOSE FACTS ENTITLE THE PLAINTIFF TO RELIEF.**

## A. The Americans With Disabilities Act.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1343 for Plaintiffs' claims arising under 28 U.S.C. §12181, *et seq*., based on Defendant's violations of Title III of the Americans With Disabilities Act (*see also*, 28 U.S.C. §2201 and §2202) and applicable regulations including 28 C.F.R.§ 36.302(e)(1).

This action involves the Defendant's discriminatory online reservations system operated through various websites and not the physical conditions at its hotel. The relevant statutory language is found in 42 U.S.C. 12182(a) and 42 U.S.C. 12182(b)(2)(A). The former provides that, as a "general rule:"

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. 12182(b)(2)(A) expands on the definitions of the above subsection to include:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations

42 U.S.C. 12182(b)(2)(A)(ii).

## B. The Governing Regulations.

42 U.S.C. 12182(b)(2)(A)(ii) authorizes the Department of Justice ("DOJ")[1] to

---

[1]The A.D.A. expressly delegates authority to the Attorney General to promulgate regulations, *see, Bay Area Addiction Research & Treatment, Inc., v. City of Antioch*, 179 F.3d 725, n.11 (9th Cir 1999). 'We must give [S]uch legislative regulations controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute [delegating authority to the agency to promulgate regulations].' *Chevron U.S.A. Inc. v. Natural Resources Defense Council,*

promulgate regulations governing the application of the A.D.A. Specifically, 28 C.F.R. Section

36.302(e)(1)(hereinafter "Regulation") provides:

> **Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
>> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

> In 28 C.F.R. App'x A to Part 36, Guidance on Revisions to the A.D.A. Regulation

on Nondiscrimination of the Basis of Disability by Public Accommodations and Commercial

Facilities, the DOJ stated:

> Each year the Department receives many complaints concerning failed reservations. Most of these complaints involve individuals who have reserved an accessible hotel room only to discover upon arrival that the room they reserved is either not available or not accessible…In many cases individuals with disabilities expressed frustration because, while they are aware of improvements in architectural access brought about as a result of the ADA, they are unable to take advantage of these improvements because of shortcomings in current hotel

---

*Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The Justice Department's interpretation of its own regulations, such as the Technical Assistance Manual, must also be given substantial deference and will be disregarded only if 'plainly erroneous or inconsistent with the regulation.' *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994) (internal quotation marks omitted).

reservations systems. A number of these commenters pointed out that it can be difficult or impossible to obtain information about accessible rooms and hotel features and that even when information is provided it often is found to be incorrect upon arrival. They also noted difficulty reserving accessible rooms and the inability to guarantee or otherwise ensure that the appropriate accessible room is available when the guest arrives. The ability to obtain information about accessible guest rooms, to make reservations for accessible guest rooms in the same manner as other guests, and to be assured of an accessible room upon arrival was of critical importance to these commenters.

The DOJ further stressed that it is vital that hotels specifically identify and describe the accessible features of the hotel, and the guest rooms, on its reservation system:

As a practical matter, a public accommodation's designation of a guest room as 'accessible' will not ensure necessarily that the room complies with all of the 1991 Standards…Further, hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features - in new and existing facilities - are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll-in shower. The presence or absence of particular accessible features such as these may be the difference between a room that is usable by a particular person with a disability and one that is not.

As to hotels that were not built after the enactment of the ADA, the DOJ stated:

For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards…Reservations services for these entities should include this information and provide a way for guests to contact the appropriate hotel employee for additional information.

The DOJ Guideline provide that on line reservation systems must indicate whether conditions at the hotel are accessible. If the hotel is built in compliance with the applicable ADA Standards For Accessible Design, then it suffices to identify such features as

8

"accessible." *Id.*, p. 78. However, for older hotels (such as Defendant's)  for features that do not comply with the applicable ADA Standards, the website must identify those features and describe their measurements or conditions. *Id.* The Guidelines provide an example, if a doorway is required by the applicable architectural standards to be 35 inches, but the door is only 30 inches, the website must so indicate.

Simply put, places of lodging must provide the disabled with information concerning accessibility, provide for the booking of accessible rooms, in this case via the internet, and assure that once booked, a disabled individual will find an accessible room available upon arrival and a failure to do so violates the law.

In the context of an A.D.A. discrimination case, the violation occurs when the aggrieved party encounters the discriminatory condition, *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332 (11th Cir.),[2] Where, as here, that discriminatory condition exists on a website, the violation is complete when the Plaintiff accesses that website, *Jones v. Piedmont Plus Fed. Credit Union*, No. 1:17-CV-5214- RWS, 2018 WL 4694362, at *1 (N.D. Ga. Sept. 26, 2018) ("Plaintiff suffered a concrete injury  when he attempted to access the website but was unable to fully and effectively utilize it."); *Jones v. Family First Credit Union,* No. 1:17-CV-4592-SCJ, 2018 WL 5045231, at *4 (N.D. Ga. Aug. 6, 2018) (explaining that the inability to determine a public accommodation's accessibility information via its website constitutes an injury-in-fact because it is "direct exposure to differential treatment of a person with a disability."). Also, In *Kennedy v. Gold Sun Hospitality, LLC,* 8:18-cv-842-T-33CPT, at pp.  30-31, (M.D. Fla. 6/18/2018); *Kennedy v. Swagath Hospitality, LLC*, 0:19-cv-60583-DPG,

---

[2]"Houston suffered an injury when he allegedly encountered architectural barriers ..."

[DE 27] (S.D. Fla. 1/2/2020); *see Kennedy v. New Yorker Hotel Miami, LLC*, 18-62897-WPD, DE 34 (S.D. Fla. 6/6/19);  *Kennedy v. Sai Ram Hotels, LLC*,2019 U.S. Dist. LEXIS 80111, *4-6 (M.D. Fla. 5/13/19), citing *Honeywell v. Harihar Inc*., 2018 U.S. Dist. LEXIS 203740,(M.D. Fla. 12/3/2018).

The Statute and Regulation are directly on point and unambiguously spell out all the elements of a cause of action.  Failure of an online reservations system to comply with the requirements of the Regulation constitutes a failure to comply with 42 U.S.C. Section 12182(b)(2)(A)(ii).  This qualifies as "discrimination" and is thus a violation of 42 U.S.C. Section 12182(a) and is thus fully actionable without more required.

The Plaintiff has visited and revisited the websites repeatedly, "In the near future," *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1273 (11th Cir. 2000), she intends to do so again. Given the absence of any record evidence of remediation, it is a virtual certainty[3] that Ms. Kennedy will, absent an injunction, encounter the same violations.

Pursuant to 42 U.S.C. 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the sections of the third party booking sites applicable to its property to make them readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by ordering the Defendant to cease utilizing the third party booking sites until such time as the Defendant cures its violations of the ADA

Finally, 42 U.S.C. 12205 provides that:

---

[3]"There is no indication in the record that the alleged architectural barriers ... have been removed. As a result, there is a 100% likelihood, that Plaintiff, Houston, will suffer the alleged injury again when he returns to the store," *Marod*, 733 F.3d at 1337.

10

In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

Based on the established facts and the law, the Plaintiff is thus entitled to judgment for the relief sought in the complaint. As the prevailing party, the Plaintiff also entitled to recover her attorney's fees, court costs, and litigation expenses.

**WHEREFORE**, Plaintiff requests this Court enter judgment requiring the Defendant to bring that portion of the third party booking sites it utilizes into compliance with the requirements of 28 C.F.R. 36.302(e) and to maintain the same in a state of compliance. She further requests the Court determine that she is the prevailing party and therefore entitled to recover her attorney's fees, court costs, and litigation expenses and reserve jurisdiction to determine the amounts.

*/s/Philip Michael Cullen, III*
Fla. Bar No: 167853
Admitted pro hac vice
**PHILIP MICHAEL CULLEN, III**
Attorney-at-Law – Chartered
621 South Federal Highway, Suite  Four
Fort Lauderdale, FL 33301
ph. (954) 462-0600
fax (954) 462-1717
CULLENIII@aol.com

Joseph Rhodes, Esq. (Local Counsel)
GA Bar No: 309847
HUNTER RHODES LLC
266 Greene Street
Augusta, GA 30901
706-724-3156
jrhodes@hunterrhodes.com

11

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on April 25, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record. I further certify that I furnished a copy of the same was furnished by U.S. Mail to NILA Investments, LLC., 194 U.S. Hwy 301, Jesup, GA 31546, on the same date.

*/s/ Philip Michael Cullen, III, Esq.*