# EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA

**PATRICIA KENNEDY,**

      Plaintiff,                      Case No: 0:19-cv-90-LGW-BWC

v.

**NILA INVESTMENTS, LLC.,**

      Defendant.

_____/

## STATEMENT OF PATRICIA KENNEDY
## MADE PURSUANT TO 28 U.S.C. SECTION 1746

1.     My name is Patricia Kennedy. I am currently a resident of Broward County, Florida. I am unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, I am bound to ambulate in a wheelchair or with a cane or other support and have limited use of my hands. I am unable to tightly grasp, pinch or twist my wrist to operate mechanisms. When ambulating beyond the comfort of my own home, I must primarily rely on a wheelchair. I require accessible handicap parking spaces located closet to the entrances of a facility. The handicap and access aisles must be of sufficient width so that I can embark and disembark into a vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that

1

   can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that I can reach them. I have difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. I am hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning my legs. Sinks must be at the proper height so that I can put my legs underneath to wash my hands. I require grab bars both behind and beside a commode so that I can safely transfer and I have difficulty reaching the flush control if it is on the wrong side. I have difficulty getting through doorways if they lack the proper clearance. To use a pool, I require a lift or other accessible means. When sleeping in a guest room, I need a compliant tub or shower with required grab bars. I travel frequently throughout Florida and Georgia.

2. When looking at a hotel online reservation system, I need information so that I can ascertain whether or not the hotel and its guest rooms are accessible to me. This includes information whether the conditions referenced above are compliant.

3. I am an advocate on behalf of both myself and other similarly situated disabled persons and consider myself a tester. As a tester, I visit hotel online reservations systems to ascertain whether they are in compliance with the Americans With Disabilities Act. In the event that they are not, I request that a law suit be filed to bring the website into compliance with the ADA so that I and other disabled persons can use it. If a law suit is filed to bring the website into compliance, I

        frequently revisit the website to ascertain whether or not it has been made accessible with the information required by law. With respect to each law suit I file, I subsequently revisit each website because that is my system.

5. In the past, I have observed that the vast majority of hotel online reservations systems do not allow for booking of accessible rooms or provide the information I need to make an informed choice. Therefore, I cannot make plans to travel if I intend to stay in an accessible room at an accessible hotel. The failure of so many hotels to comply with the law in this regard deter me from making travel plans.

6. Rooms for the Royal Inn, which I understand the Defendant owns or operates and which is located in Ludowicki Georgia, could be booked online through the through the third party booking sites identified in the complaint. The latter include web addresses:

https://www.booking.com/hotel/us/royal-inn-ludowici.html

https://www.hotels.com/ho622281696/royal-inn-ludowici-united-states-of-america/

https://www.agoda.com/royal-inn/hotel/ludowici-ga-us.html?cid=-218 and

https://www.expedia.com/Ludowici-Hotels-Royal-Inn.h19415053.Hotel-Information

7. Prior to the filing of this lawsuit, specifically on July 2, 2019, July 5, 2019, July 7, 2019, July 19, 2020, July 20, 2019, July 25, 2019, I visited the third party websites identified in paragraph nine (9) of the complaint for the purpose of reviewing and assessing the accessible features at the hotel and ascertain whether the websites contain the information required by 28 C.F.R. Section 36.302(e) and adequately inform me as to whether the hotel meets my accessibility needs.

However, I was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, I was deprived the same services available to the general public.

8. None of the third party booking sites identified any accessible rooms nor was there an option to book an accessible room. No information was given as to whether or where the hotel offers compliant/accessible roll-in showers, tubs, built in seating, commodes, grab bars, sinks, wrapped pipes, sink and door hardware, properly located amenities, sufficient maneuvering spaces, compliant doors, furniture, controls and operating mechanisms. The websites do not contain any information as to whether all goods, facilities and services at the property are connected by a compliant accessible route, nor do the websites contain any information as to the accessibility of routes connecting all the features of the hotel, the transaction counter, and common area restrooms. The websites do not give any information as to whether accessible rooms are on the ground floor or if the elevator provided is within an accessible route.

9. When I encountered the above conditions, I suffered humiliation and frustration at being treated like a second class citizen, being denied equal access and benefits to the goods, facilities, accommodations and services. I am deterred from returning to the websites because I understand that it would be a futile gesture to do so unless I am willing to suffer further discrimination. I am aware that defendant segregates against me and other disabled persons by offering them one service: me a lesser service. I am aware that I am being deprived the equality of

opportunity afforded to non-disabled persons to utilize the online reservation system free of discrimination. I am also aware that my ability to travel free of discrimination and with equal access to information offered to the general public is diminished.

11. After this suit was filed, I revisited each of the websites on August 6, 2019, August 19, 2019, October 27, 2019, March 9, 2020, and April 24, 2020. On each occasion, I encountered the same problems as on my prior visits.

12. Despite the above, I plan to again review the websites in the near future. With respect to each and every case in which I filed a lawsuit involving hotel online reservations system, I maintain a system whereby I save screenshots of the systems. In each case, I save the screenshot by hotel name and date. I continually revisit the websites. In this manner, I revisit a hotel's online reservations system several times before I file a lawsuit, then continually every 2-4 months. I spend several hours each week in this exercise, making sure that I revisit each hotel's system multiple times after a law suit is filed and concluded. By this system, I ensure that I revisit each hotel's system and am therefore true to my word.

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct.

Date: 4-25-2020

*Patricia L. Kennedy*
PATRICIA KENNEDY