FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 3:49 pm, Jul 01, 2020

# United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
PATRICIA KENNEDY,              )
                               )
      Plaintiff,               )      2:19-cv-090
                               )
v.                             )
                               )
NILA INVESTMENTS, LLC.,        )
                               )
      Defendant.               )
```

**ORDER**

Before the Court is Plaintiff's Motion for Entry of Default Judgment. Dkt. No. 27. For the reasons below, the motion is **GRANTED**.

**BACKGROUND**

This is an action brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("A.D.A."), in which Plaintiff Patricia Kennedy is requesting that Defendant NILA Investments, LLC be ordered to bring the third-party booking sites it utilizes into compliance with the requirements of 28 C.F.R. § 36.302(e)(1). That section imposes standards for reservation systems maintained or utilized by places of lodging, such as the Defendant's motel. The Court has original jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331. Venue is proper in the Southern District of Georgia because the motel at

issue is located in the Brunswick division of this district.

Defendant was served with process on November 7, 2019. Dkt. No. 23. The Court therefore has personal jurisdiction over Defendant.

After having been served with process, Defendant did not respond. On November 7, 2019, the Clerk of Court entered default against Defendant. Thereafter, Plaintiff filed a Motion for Entry of Default Judgment. Dkt. No. 27. Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court elected to hold a hearing on Plaintiff's motion. A virtual hearing was scheduled for June 19, 2020 at 10:30 a.m. Defendant was duly noticed of the time and place of the hearing and furnished with the information necessary to appear virtually or in person should the Defendant wish to do so. Defendant did not appear.

## DISCUSSION

Defendant, by its default, admits Plaintiff's well-pleaded allegations of fact as set forth in the complaint. See Eagle Hosp. Physicians, LLC. v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation omitted)).

2

Following the entry of default, final judgment pursuant to Rule 55(b) may be entered if the pleadings state a substantive cause of action and contain a sufficient basis to support the relief sought. See Tyco Fire & Sec., LLC. v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007).

The well-pleaded allegations of the complaint, confirmed by Ms. Kennedy's affidavit and her testimony at the hearing on June 19, 2020, are as follows:

1. Patricia Kennedy is unable to engage in the major life activity of walking more than a few steps without assistive devices. She must use a wheelchair, cane or other support. In addition, she has only limited use of her hands and is unable to tightly grasp, pinch or twist her wrist to operate mechanisms. Ms. Kennedy is, therefore, an individual with a disability within the meaning of the A.D.A.

2. Defendant NILA Investments Inc. owns and operates a motel known as the Royal Inn. Hotels and motels are places of public accommodation. 42 U.S.C. § 12181(7)(A). Defendant is, therefore, required to comply with the A.D.A., which provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).  "Discrimination" is defined, in part, as:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations

42 U.S.C. § 12182(b)(2)(A)(ii).

    3.    Defendant's motel is also a place of lodging within the meaning of 28 C.F.R. § 36.302(e)(1).  That regulation provides:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all

reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

4. At all times material, Defendant utilized third-party booking sites, which contain online reservation systems.[1]

5. Prior to filing this lawsuit, Plaintiff repeatedly accessed each of the third-party booking sites for the purpose of assessing the accessibility features of the property and to ascertain whether those sites met her accessibility needs as well as the requirements of 28 C.F.R. § 36.302(e)(1). Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in § 36.302(e).

6. None of the third-party booking sites identified any A.D.A.-accessible guest rooms, amenities or other accessibility features. Specifically, none of the websites provided any information concerning the features of any accessible guest rooms or lobby areas, such as whether the hotel offers compliant/accessible roll-in showers, tubs, built-in seating, toilets, grab bars, sinks, wrapped pipes, sink and door hardware,

---

[1] The booking sites can be found here: https://www.booking.com/hotel/us/royal-inn-ludowici.html; https://www.hotels.com/ho622281696/royal-inn-ludowici-united-states-of-america/; https://www.agoda.com/royal-inn/hotel/ludowici-ga-us.html?cid=-218; https://www.expedia.com/Ludowici-Hotels-Royal-Inn.h19415053.Hotel-Information.

properly located amenities, sufficient maneuvering spaces, compliant doors, furniture, controls and operating mechanisms. The websites did not contain any information as to whether all goods, facilities and services at the property are connected by a compliant accessible route, nor do the websites contain any information as to the accessibility of routes connecting all the features of the hotel, the transaction counter, and common area restrooms. The websites did not give any information as to whether accessible rooms are on the ground floor or if the elevator is within an accessible route. As a result, Plaintiff was deprived of the same goods, services, features, facilities, benefits, advantages, and accommodations of the property available to the general public.

    7.   After Plaintiff filed this lawsuit, she returned to each of the booking sites on numerous occasions. She encountered the same issues on each occasion. Plaintiff intends to return to the booking sites in the near future. The record contains no evidence that Defendant has made any alterations to the booking sites. Thus, there appears to be a "100 percent likelihood that Plaintiff will suffer the alleged injury again when he returns." See Houston v. Marod, 733 F.3d 1323, 1337 (11th Cir. 2013).

   Accepting the well-pleaded allegations of the Complaint as

true, Bell Atlantic Corp., v. Twombly, 550 U.S. 544 (2007), as supplemented by Plaintiff's affidavit and testimony, Plaintiff has demonstrated that she is entitled to injunctive relief under the A.D.A.

As the prevailing party, Plaintiff is entitled to recover her attorney's fees, costs, expert fees and litigation expenses pursuant to 42 U.S.C. § 12205. See Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598 (2001). Taking into account the factors in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), the Court finds that $400 per hour is a reasonable hourly rate for Plaintiff's counsel and that 20 hours were reasonably and necessarily expended during the course of this litigation, for a total fee of $8,000. The Court further finds that Plaintiff is entitled to recover her costs and expenses as follows:

- filing fee: $400.00;
- service of process fee: $425.00.

## CONCLUSION

Accordingly, the Court **ORDERS** the following:

1. Plaintiff's Motion for Entry of Default Judgment is **GRANTED**. Default Judgment is entered in favor of Plaintiff Patricia Kennedy and against Defendant NILA Investments, Inc.

2. Defendant is **ORDERED** to comply with all sections of the A.D.A. and the A.D.A. Accessibility Guidelines, 28 C.F.R. § 36.101 *et seq*. Specifically, Defendant shall:

a) Revise its postings on all third-party booking sites it utilizes, including those previously mentioned, in order to comply with 28 C.F.R. § 36.302(a) and implement a policy to monitor and maintain its postings on third-party booking sites so that those postings remain in compliance.

b) Defendant shall comply with all provisions of this Order within four (4) months from the date of entry of this Order.

c) Plaintiff is entitled to recover her attorney's fees, costs, expert fees and litigation expenses pursuant to 42 U.S.C. § 12205 in the total amount of $8,825.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 1st day of July, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA